**Danny KEETON, Plaintiff–Appellant,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

No. 93–6220.

United States Court of Appeals, Eleventh Circuit.

May 31, 1994.

---

**8.** Bigby's challenge to the telephone hearing asserts a misapplication of a statute, not a violation of due process.

Philip P. Nelson, Robinson & Nelson, Jasper, AL, George W. Harris, Tuscaloosa, AL, for appellant.

Jack W. Selden, Winfield J. Sinclair, Asst. U.S. Atty., Birmingham, AL, for appellee.

Before HATCHETT and EDMONDSON, Circuit Judges, and SMITH *, Senior Circuit Judge.

* Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designa-

HATCHETT, Circuit Judge:

## FACTS

Danny Keeton appeals from a district court judgment affirming the Secretary of Health and Human Services' denial of his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. At the time of the administrative hearing, Keeton was thirty years old and had an eleventh grade education with no additional vocational training. His past relevant work experience includes jobs as a tire recapper/retreader, bottler, stockboy and sawmill worker. Keeton claims that he is disabled because he suffers pain in his lower back that radiates to his left leg, and the leg gets numb, pain in his spine and in his neck, daily muscle spasms, trembling in both of his hands, and seizures. Keeton uses a TENS unit and a brace as well as various medications to relieve pain.

On August 21, 1990, Keeton filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) after reinjuring his back on the job on September 10, 1989. The Social Security Administration denied Keeton's claims for benefits initially and upon reconsideration. Keeton's subsequent hearing before an administrative law judge (ALJ) also resulted in a denial of benefits on September 25, 1991.

Keeton obtained new counsel, and Keeton's new counsel filed a request for review of the hearing decision and submitted new medical evidence consisting of the sworn testimony of Dr. Charles A. Bush, Keeton's treating physician of approximately three and one-half years. The Appeals Council denied Keeton's request for review on March 25, 1992; thus adopting the ALJ's decision as the final decision of the Secretary. The Appeals Council considered the testimony from Dr. Bush but found it to be cumulative.

On May 7, 1992, Keeton filed an action in the United States District Court for the Northern District of Alabama. The district court affirmed the Secretary's decision and

tion.

ruled that the district court would not consider the new evidence from Keeton's treating physician in reaching its determination of whether substantial evidence exists to support the Secretary's decision.

## CONTENTIONS OF THE PARTIES

Keeton contends that the district court erred in affirming the Secretary's decision without considering the new evidence from his treating physician; that substantial evidence does not support the decision of the Secretary because the Appeals Council failed to give the proper weight to the testimony of Dr. Bush, Keeton's treating physician; that the ALJ did not properly consider his subjective allegations of pain under the standard mandated in the Eleventh Circuit; and that the ALJ failed to consider the combination of Keeton's two impairments.

The Secretary contends that she properly determined that Keeton was not disabled through substantial evidence and in accordance with law; that the district court properly refused to consider evidence submitted to the Appeals Council because the decision of the ALJ is the final decision of the Secretary under the regulations; that the ALJ properly articulated specific reasons for rejecting Keeton's subjective complaints of incapacitating pain; and that the ALJ properly considered the combined effects of Keeton's impairments.

## ·ISSUE

The issue we address is whether the district court properly refused to consider evidence that was not before the administrative law judge in reaching its determination of whether substantial evidence exists to support the Secretary's decision.

## DISCUSSION

■ We review the Secretary's decision with deference to the factual findings and close scrutiny of the legal conclusions. *Cornelius v. Sullivan,* 936 F.2d 1143, 1145 (11th Cir.1991); *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir.1990). The Secretary's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. 42 U.S.C. § 405(g). On the other hand, the Secretary's conclusions of law are not presumed valid. *Cornelius,* 936 F.2d at 1145; *Martin,* 894 F.2d at 1529. The Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal. *Cornelius,* 936 F.2d at 1146; *Martin,* 894 F.2d at 1529.

### Contents of the Record

■ The "final" decision of the Secretary is subject to judicial review. 42 U.S.C. § 405(g). When the Appeals Council grants review, the Appeals Council decision is reviewable as the final decision of the Secretary. 20 C.F.R. § 404.981. When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision is also subject to judicial review because it amounts to an error of law. 20 .C.F.R. §§ 404.970(b), 416.1470(b) ("Appeals council shall evaluate the entire record including the new and material evidence submitted to it if it relates to the. period on or before the date of the administrative law judge hearing decision"). When the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Secretary. 20 C.F.R. § 404.955. In this situation, the question raised is what constitutes the record when the Appeals Council denies review. The Secretary urges this court to adopt the rule that where the decision of the ALJ becomes the final decision of the Secretary, the record only consists of the evidence presented to the ALJ. Keeton urges us to adopt the rule that the record includes additional evidence submitted to the Appeals Council.

The circuits are split on what evidence constitutes the "record" the district court is to review. The Fourth and the Eighth Circuits hold that the administrative record for review includes new evidence submitted to the Appeals Council when the Council accepts or declines to review the case. *See Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir.1992); *Browning v. Sullivan,* 958 F.2d

817, 823 n. 4 (8th Cir.1992); *Wilkins v. Secretary,* 953 F.2d 93, 96 (4th Cir.1991). In *Nelson,* the Fourth Circuit held that where "the Appeals Council considers the new evidence but declines to review the case, we review the ALJ's decision to determine whether there is substantial evidence in the administrative record, *which now includes the new evidence,* to support the ALJ's decision." *Nelson,* 966 F.2d at 366 (emphasis added). The court reasoned that "once the evidence is submitted to the Appeals Council it becomes a part of the record. . . ." *Nelson,* 966 F.2d at 366 n. 5. The Sixth and Seventh Circuits hold that the administrative record does not include new evidence first submitted to the Appeals Council. *See Eads v. Secretary,* 983 F.2d 815, 817 (7th Cir.1993); *Wyatt v. Secretary of Health and Human Services,* 974 F.2d 680, 685 (6th Cir.1992). In *Eads,* the Seventh Circuit held:

> Since the submission of the evidence precedes the Appeals Council's decision, and that decision, even when it denies review is a precondition to judicial review, the new evidence is a part of the administrative record that goes to the district court in the judicial review proceeding, and then to this court if there is an appeal. It might seem therefore that the district judge and we would be free to consider the new evidence in deciding whether the decision denying benefits was supported by the record as a whole. And of course this is right when the Council has accepted the case for review and made a decision on the merits, based on all the evidence before it, which then becomes the decision reviewed in the courts. *It is wrong when the Council has refused to review the case.* For then the decision reviewed in the courts is the decision of the administrative law judge. The correctness of that decision depends on the evidence that was before him. [Emphasis added] [citations omitted].

*Eads,* 983 F.2d at 817.

Judicial review may be obtained from the final decision of the Secretary. Title 42 U.S.C. § 405(g) provides: "Any individual, after any final decision of the Secretary . . . may obtain review of such decision. . . ." Neither section 405(g) nor the regulations define what constitutes the administrative record on appeal to the district court. Courts holding that new evidence does not become part of the administrative record when the Appeals Council denies review do so on the ground that the district court is reviewing the decision of the ALJ and "the correctness of that decision depends on the evidence that was before him." *Eads,* 983 F.2d at 817.

The social security review process provides a mechanism for the Appeals Council to review decisions of the ALJ under a few prescribed circumstances. 20 C.F.R. §§ 404.970, 416.1470. Each successive appeal contributes to the administrative process and, we believe, the administrative record. This conclusion is bolstered through the regulations that provide that the decision of the Secretary is not final until the Appeals Council either rules on a case it has accepted for review or denies review. 20 C.F.R. § 404.955. The decision of the Secretary is not final for purposes of section 404.970(b) when a claimant is seeking review of the ALJ decision from the Appeals Council. *Williams v. Sullivan,* 905 F.2d 214, 216 n. 6 (8th Cir.1990). We find that the administrative process continues when a claimant seeks review of an ALJ decision. Accordingly, we hold that new evidence first submitted to the Appeals Council is part of the administrative record that goes to the district court for review when the Appeals Council accepts the case for review as well as when the Council denies review.

New Evidence

■ Under 42 U.S.C. § 405(g) the court may remand this case to the Secretary for consideration of new evidence if the court finds that the new evidence is material and that good cause exists for Keeton's failure to incorporate this evidence into the record in the proceedings before the ALJ. Keeton submitted the sworn testimony of Dr. Bush, his treating physician of three and one-half years, which revealed the doctor's conclusions drawn from objective findings he noted on physical examination records and from x-rays that relate to a period prior to the date of the ALJ decision.

The Appeals Council denied Keeton's request for review of the ALJ decision and ruled that the testimony of Dr. Bush was cumulative stating: "the Appeals Council finds that [the report of Dr. Bush] is cumulative to the record and does not identify any underlying impairment that was not considered by the Administrative Law Judge." This decision came on the heel of the ALJ stating that Dr. Bush's office notes were "largely illegible." Notes that are illegible can hardly be said to be cumulative because a person examining the notes cannot understand them. In reviewing the decision of the Appeals Council, the district court erroneously believed that it could only consider evidence presented to the ALJ. Consequently, we remand this case to the district court to review Dr. Bush's statement and to apply the three prong standard for remand to the Secretary. *See Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir.1988); *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir.1986) (requirements for obtaining a remand include establishing new, noncumulative evidence; the evidence is material, that is, relevant and probative so that a reasonable probability exists that it would change the administrative results; and good cause for failure to submit the evidence at the administrative level).

Keeton raises several other grounds for reversal of the ALJ's finding that he is not disabled including: (1) the Appeals Council failed to give the proper weight to the opinion of his treating physician, Dr. Bush; (2) the ALJ failed to apply the correct pain standard; and (3) the ALJ failed to consider the combined effect of his impairments. Because this case must be remanded to the district court for its consideration of the new evidence consisting of Dr. Bush's sworn testimony, we do not address the remainder of Keeton's arguments.

## CONCLUSION

We hold that the district court erred when it refused to consider new evidence that was not before the administrative law judge in reviewing the Secretary's decision. Accordingly, we remand the case to the district court to consider the new evidence presented to the Appeals Council and all other issues.

REVERSED and REMANDED.