**Randy FRY, Plaintiff,**

v.

**Larry G. MASSANARI, Acting Commissioner of Social Security, Defendant.**

**No. CV–01–N–0269–W.**

United States District Court, N.D. Alabama, Western Division.

Nov. 20, 2001.

James A. Abernathy, II, McElvy & Ford, Tuscaloosa, AL, for Plaintiff.

Alice H. Martin, U.S. Attorney, Linda S. Trippe, U.S. Attorney's Office, Birmingham, AL, Mary Ann Sloan, Rollin D. Mathis, Social Security Administration–Office of General Counsel, Atlanta, GA, for Defendant.

## MEMORANDUM OF OPINION

NELSON, District Judge.

### I. Introduction

The claimant, Randy Fry, appeals from the decision of the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits. The application was denied upon initial submission and upon reconsideration. (Tr. at 62–75). Claimant then sought and was granted a hearing before an Administrative Law Judge ("ALJ") on December 29, 1998. He received an unfavorable ruling on April 9, 1999, and sought review of the decision from the Appeals Council. (Tr. at 8, 445). As a part of this review, the claimant submitted, and the Appeals Council received additional evidence not available to the ALJ. (Tr. at 7, 448–473). The Council subsequently denied his request for review on January 5, 2001. (Tr. at 5–6). Claimant then filed an action for judicial review in this court pursuant to § 405(g) of the Social Security Act. See 42 U.S.C. § 405(g). The issues have been briefed by both parties and are now ripe for decision.

At the time of claimant's hearing before the ALJ, he was 40 years old, had a high-school diploma, and had past relevant work experience as a quality operator, injection mold operator, stacker machine operator, tester/quality control operator, and painter. (Tr. at 25). He has not engaged in substantial gainful activity since July 1, 1996, the alleged onset date of his disability. (Tr. at 12, 24). Claimant's alleged disability stems from pain caused by recalcitrant lateral epicondylitis in both of his arms, though predominately his right arm. (Tr. at 13, 16).

When evaluating the disability of individuals over 18, the regulations prescribe a five-step process. See generally 20 C.F.R. § 416.920; see also Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir.2001). The first step requires determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 416.920(a). If he is, the claimant is not disabled and the evaluation stops. Id. If he is not, then the commissioner next considers the effect of all of his physical and mental impairments combined. Id. These impairments must be severe and must meet the duration requirement before a claimant will be found to be disabled. 20 C.F.R. § 416.920(c). The decision depends on the medical evidence in the record. If the claimant's impairments are not severe, the analysis stops. Id. Otherwise, the analysis continues to step three. The third step is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. See 20 C.F.R. § 416.920(d). If the claimant's impairments fall within this category, he will be found disabled without further consideration. Id. If they do not, the claimant must continue on to step four.

Step four requires determination of whether the claimant's impairments prevent him from returning to his past relevant work. 20 C.F.R. § 416.920(e). As to this criteria, the regulation states:

If we cannot make a decision based on your current work activity alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled.

*Id.* Upon determination that the claimant cannot do any of the work he has done in the past, step five requires the court to consider the claimant's residual functional capacity, as well as the claimant's age, education, and past work experience in order to determine if he can do other work. 20 C.F.R. § 416.920(f).

In this case, under the foregoing analysis, the ALJ found the claimant severely impaired within the meaning of the Social Security Act due to his epicondylitis and the residual effects of two surgeries. (Tr. at 24). However, the ALJ also found that the claimant's severe impairment did not meet or equal one of the impairments listed in 20 C.F.R. part 404, Subpart P, Appendix 1. (Tr. at 16, 24). Thus, the ALJ continued to steps four and five of the disability analysis. He concluded that while the claimant could not perform any of his past relevant work, he still possessed the residual functional capacity to perform a limited range of light work. (Tr. at 25). According to the testimony of a vocational expert, there existed jobs of a significant number in the national and local economy falling within that limited range of light work. These jobs would include a cashier, bank teller, or inspector. (Tr. 26, 50). Because the ALJ determined that the claimant was capable of performing such jobs, he found the claimant not disabled. (Tr. 26).

Relevant to the ALJ's determination that the claimant was not disabled was his finding that the claimant's subjective complaints of pain were incredulous. (Tr. 21–22). More specifically, the ALJ did not believe the claimant's contentions that his pain prevented him from performing light work. (Tr. 21–22). Nor did the ALJ find credible the opinion of the claimant's treating physician, Dr. George M. Hill. The ALJ explained that Dr. Hill's opinion that the claimant could only perform sedentary work was inconsistent with the results of the claimant's most recent functional capacity evaluation, performed on March 11, 1997, and appeared to be based solely upon the claimant's subjective complaints. (Tr. 21). Accordingly, the ALJ chose to afford more weight to the results of the March 11 evaluation. (Tr. 21, 366–368). That evaluation demonstrated that the claimant was capable of "functioning in the medium physical demand level." (Tr. 366).[1]

In his request for review sent to the Appeals Council, the claimant attached the affidavit of Dr. Hill. (Tr. 448 – 458). In this affidavit, Dr. Hill disputed the ALJ's conclusion that his opinion was inconsistent and substantiated only by the claimant's subjective complaints. (Tr. 457–458). The Appeals Council noticed its receipt of this letter along with other attachments and evidence submitted by the claimant for its review. (Tr. 7). Later, upon denial of the claimant's request for review of the ALJ's decision, the Appeals Council noted that it had "considered the contentions raised in [the claimant's] representative's request for review dated September 4, 1999, and the additional evidence dated September 1, 2000, from [the claimant's] representative concerning 'Functional Ca-

---

1. In this evaluation, the claimant was reported capable of lifting with both arms 40 lbs. floor to waist, 25 lbs. knuckle to shoulder, 25 lbs. shoulder to overhead, and 25 lbs. in a 100 ft. carry with pivot. Unilaterally, the claimant could lift 50 lbs. with his left arm and only 15 lbs. with his right arm. (Tr. 366).

pacity Evaluation in Work Disability.'" (Tr. 5).

The claimant argues five points of error committed by either the Appeals Council or the ALJ. They include the following: (1) the Appeals Council improperly failed to consider new, material evidence that related to the period of time before the ALJ made his decision; (2) the ALJ gave improper treatment to the testimony of the claimant's treating physician; (3) the ALJ improperly rejected the testimony of the claimant's treating physician; (4) the ALJ improperly assessed the claimant's residual functional capacity; and (5) the ALJ improperly applied the Eleventh Circuit's pain standard. (Doc. # 4). Without unnecessarily reaching the last four of the claimant's arguments, the court finds sufficient reason in the claimant's first argument to remand this case to the commissioner.

## II. Standard of Review

■ Because the claimant's first argument challenges the decision of the Appeals Council, the court finds it necessary to discuss the appropriate role of a district court when reviewing the decision of the Appeals Council. Section 405(g) of the Social Security Act grants federal district courts the authority to review the "final decision" of the commissioner. See 42 U.S.C. § 405(g). However, that section never defines which decision is the final decision, for in the administrative process there are two: that of the Appeals Council granting or denying review and that of the ALJ determining disability. See Williams v. Halter, 135 F.Supp.2d 1225, 1231 (M.D.Fla.2001). Courts have interpreted the final decision language as meaning the decision of the Appeals Council where it grants review, and the opinion of the ALJ where the Appeals Council has denied review. See Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir.1998). Nevertheless, even when case law dictates that the commissioner's final decision is that of the ALJ, the district courts are not completely limited by the language of Section 405(g) from ever challenging the Appeals Council's decision to deny review. See Sims v. Apfel, 530 U.S. 103, 111, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000); Keeton v. Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir.1994). "When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision is also subject to judicial review because it amounts to an error of law." Keeton, 21 F.3d at 1066.

■ On several occasions, courts have debated the specific scope of the district court's review of the Appeals Council's refusal to review the ALJ's decision. See, e.g., Falge v. Apfel, 150 F.3d 1320 (11th Cir.1998); Keeton v. Department of Health and Human Services, 21 F.3d 1064 (11th Cir.1994); Smith v. Bowen, 792 F.2d 1547 (11th Cir.1986); Caulder v. Bowen, 791 F.2d 872 (11th Cir.1986); Blake v. Massanari, No. Civ.A. 00–0120–AH–L, 2001 WL 530697 (S.D.Ala. April 26, 2001); Williams v. Halter, 135 F.Supp.2d 1225 (M.D.Fla. 2001); Sullivan v. Apfel, No. Civ.A. 99–0660–CB–L, 2000 WL 1568330 (S.D.Ala. Oct. 2, 2000); Maroney v. Apfel, 57 F.Supp.2d 1250 (N.D.Ala.1999). Perusal of these voluminous pages of argument leads the court to conclude that the scope of its review is as follows. Normally, the administrative record for the district court's review is limited to only the materials present before the ALJ. See Sullivan v. Apfel, No. Civ.A. 99–0660–CB–L, 2000 WL 1568330 at *7 (S.D.Ala. Oct. 2, 2000) (quoting Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir.1998)). However, where the claimant specifically challenges the decision of the Appeals Council to deny review, the record for the district court's consideration will include any new evidence submitted by the claimant after the

ALJ's hearing and decision. *See Falge,* 150 F.3d at 1324; *Epps v. Harris,* 624 F.2d 1267, 1272–1273 (5th Cir.1980); *Small v. Apfel,* No. Civ.A. 99–0654BHC, 2000 WL 1844727 at *1 (S.D.Ala. Oct. 17, 2000). The Appeals Council has an affirmative duty to review the entire record, including "new and material evidence" before rendering its decision to grant or deny review. *See Williams v. Halter,* 135 F.Supp.2d 1225, 1231 (M.D.Fla.2001); 20 C.F.R. § 404.970(b). When a claimant takes issue with the adequacy of Appeals Council's evaluation of new evidence, the district court may properly review the new evidence to see whether it is of a type the Appeals Council should consider. *See Keeton v. Department of Health and Human Services,* 21 F.3d 1064, 1067–1068 (11th Cir.1994); *Epps v. Harris,* 624 F.2d 1267, 1272–1273 (5th Cir.1980). A claimant may challenge the Appeals Council's determination that the evidence does not have to be considered. *See, e.g., Keeton,* 21 F.3d at 1068; 2000 WL 1568330 at *9 (S.D.Ala. Oct. 2, 2000); 20 C.F.R. § 404.970(b) (explaining that the Appeals Council must consider evidence not presented to the ALJ only when it is "new", "material", and relates to the "period of time on or before the ALJ's hearing and decision"). Further, a claimant may challenge the Appeals Council's determination, after evaluation of the new evidence, that the new evidence does not warrant their review of the ALJ's decision. *See Epps,* 624 F.2d at 1273; *Smith,* 792 F.2d at 1551; *Blake,* 2001 WL 530697 at *7–*8. In either case, the district court's standard of review is de novo. See *Caulder,* 791 F.2d at 875; *Blake,* 2001 WL 530697 at *8.

▮▮▮ In the context of its de novo review of the Appeals Council's decision, the court must find whether the claimant has satisfied its burden of establishing the Council's error. Review of relevant case law provides for two marginally different burdens depending on whether the claim-ant is challenging the Appeals Council's decision not to consider new evidence under 20 C.F.R. § 404.970(b) or its decision, after evaluation of the new evidence, not to review the ALJ's decision. In *Keeton,* the claimant was challenging the Appeals Council's refusal to review the decision of the ALJ even after evaluation of newly submitted evidence. When a district is hearing such a challenge, its duty according to the *Keeton* court is a three-fold inquiry. It must find whether the claimant has proven "that (1) there is new, noncumulative evidence, (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable probability that it would change the administrative result, and (3) that there is good cause for the failure to submit the evidence at the administrative level." *See Keeton,* 21 F.3d at 1068 (citing to the requirements provided by *Caulder v. Bowen,* 791 F.2d 872, 877 (11th Cir.1986)). However, in *Falge,* the Eleventh Circuit explained that, when a claimant merely challenges the Appeals Council's decision that the evidence submitted is not new and material, a district court must "look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence the [Appeals Council] must consider in making its decision whether to review an ALJ's decision." *See Falge,* 150 F.3d at 1324. Both in deciding whether to evaluate newly submitted evidence and in deciding whether that evaluation prompts review of the ALJ's decision, the Appeals Council is charged with the same duty. But if the Appeals Council has undertaken evaluation of new evidence, the law imposes an additional requirement on the claimant to show good cause for his failure to submit the evidence to the ALJ.

▮▮▮ In the present case, the claimant's argument entails a direct challenge to the Appeals Council's decision denying review.

Thus, pursuant to the analysis spelled out above, the court must review the record as it was before the Appeals Council, which will include the newly submitted affidavit of Dr. Hill. *See Falge,* 150 F.3d at 1324. Also, because the claimant contends that the Appeals Council chose not to even evaluate the affidavit, the court finds that the claimant must only establish that the affidavit is new, material, and relates to the time period on or before the ALJ rendered his decision. *See* 20 C.F.R. § 404.970(b); *id.* As the foregoing discussion will explain, it is the finding of this court that the claimant has satisfied this burden and that the case should be remanded on this basis to the commissioner for further review of the evidence in record.

**III. Discussion**

■■■■ As explained by numerous courts hearing challenges to denials of review by the Appeals Council, the Appeals Council must only consider evidence not present before the ALJ when that evidence is new, material, and relates to the time period on or before the ALJ's hearing and decision. *See* 20 C.F.R. § 404.970(b); *Falge,* 150 F.3d at 1324. At present, the commissioner does not dispute that Dr. Hill's affidavit is new and that it relates to the relevant time period. (Doc. # 5). Indeed, the affidavit was dated July 23, 1999, and contained Dr. Hill's rebuttal to the ALJ's characterization of his opinion as stated in the ALJ's decision. (Tr. 457–458). Thus, the claimant has satisfied the first two parts of his burden unchallenged. However, the commissioner does argue that the affidavit was not "material" evidence and consequently that the Appeals Council's decision not to consider it was justified. (Doc. # 5). "Materiality," as required by the Social Security Act for evaluation of new evidence, means that the new evidence is "relevant and probative so that there is a reasonable possibility that it

would change the administrative outcome." *See Caulder v. Bowen,* 791 F.2d 872, 877 (11th Cir.1986). In the present case, the claimant seeks to establish the materiality of Dr. Hill's affidavit by pointing out that it directly contradicts the ALJ's assumptions about the basis and inconsistency of Dr. Hill's opinion.

It is true that the affidavit contradicts the ALJ's assumptions. In his decision, the ALJ concluded that Dr. Hill's opinion that the claimant could only perform sedentary work was not substantiated by any objective medical evidence. The ALJ looked only to the March 11, 1997, functional capacity evaluation, which Dr. Hill requested, and found data indicative of the claimant's ability to do much more than sedentary work. Then, the ALJ noted that Dr. Hill's opinion never explained the significant decline in the claimant's ability from the time of the evaluation to the time of the doctor's opinion. The ALJ assumed that Dr. Hill must have been basing his opinion on the claimant's subjective complaints rather than the doctor's objective, personal observations. (Tr. 20–22). However, Dr. Hill's affidavit explains that the evaluation he ordered was simply to establish a baseline for a work hardening program and was not meant to properly characterize the claimant's true ability to work on a long-term basis. Instead, the work hardening program, which involves training in repetitive motion, is purportedly a much more realistic test of a worker's ability to perform daily functions. After his observation of the claimant in the work hardening program, Dr. Hill explains, he concluded that the claimant could only handle sedentary work on a repetitive daily basis. (Tr. 457–458). Thus, his opinion was in fact founded on objective medical evidence rather than subjective complaints of pain and was consistent with more reliable medical tests.

Moreover, Dr. Hill's affidavit provides a specific foundation for the claimant's own subjective complaints. In it Dr. Hill states, "Epicondylitis can certainly produce the kind of pain and limitations that he has apparently described to the Social Security Administration." (Tr. 458). This statement pointedly refutes the ALJ's statement that "there is no objective clinical evidence of a condition which could reasonably be expected to produce the level of pain ... which the claimant alleges [has] precluded him from working." (Tr. 17). Without a doubt, then, the claimant's new evidence sheds light on many of the ALJ's misconceptions, misconceptions which unfortunately became determinative of his finding of no disability. The commissioner is blind to characterize such evidence as immaterial.

■ Still, the commissioner contends that even if Dr. Hill's opinion had been given more weight by the ALJ, it would not change the administrative result. However, this assertion is based on flawed reasoning. The commissioner states that because Dr. Hill found the claimant capable of sedentary work, Dr. Hill's opinion would still lead the ALJ to a finding of no disability. Although both the ALJ and Dr. Hill would agree that the claimant is not disabled, Dr. Hill's opinion of the claimant's residual functional capacity is much lower. Thus, if given its proper weight, Dr. Hill's opinion could indeed change the outcome of the claimant's appeal. Apparently, the commissioner failed to realize that the claimant is asking only for a remand in light of Dr. Hill's new statement, not for wholesale reversal and a finding of disability.

■ Finally, the court must acknowledge that it is not in total agreement with the claimant that the Appeals Council failed to consider Dr. Hill's affidavit. True, the Council never specifically expounded upon any evaluation it might have given the new evidence. But, the Council did generally reference the materials that the claimant submitted and explained that the materials did not "warrant a change in the Administrative Law Judge's finding and conclusions." (Tr. 5). Moreover, it is difficult to see how the Council could determine that the materials did not warrant a change unless the Council actually considered the materials for what they were worth. Nevertheless, the commissioner's concession that the Council did not consider the additional evidence and the court's finding that the affidavit is material directs this court to conclude that this case should be remanded to the commissioner. Upon remand, the commissioner should ensure that the Appeals Council affords Dr. Hill's affidavit and opinion the weight it properly deserves before concluding that the ALJ's decision is beyond reproach.

> The Commissioner cannot avoid judicial review of the Appeals Council's decision to deny review by considering but not acting on new evidence that is highly probative of disability, or by considering but not acting on evidence that shows in retrospect that an ALJ's action, findings, or conclusion are [sic] contrary to the weight of the evidence currently of record.

*Williams v. Apfel,* 135 F.Supp.2d 1225, 1232 (M.D.Fla.2001).

Based upon the court's evaluation of the evidence in the record before the Appeals Council, the court is satisfied that the decision of the Appeals Council denying review is subject to remand for proper consideration of the claimant's evidence. (Tr. 7).

### ORDER

In accord with the memorandum of opinion entered contemporaneously herewith, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the decision of the Commissioner of Social Security should be

an the same hereby is **REMANDED** for further proceedings not inconsistent with this opinion. Additionally, the court hereby **GRANTS** an extension of time for claimant's counsel to file a Petition for Authorization of Attorney's Fees pursuant to Federal Rule of Civil Procedure 54(d)(2). This extension shall last thirty (30) days from the date counsel receives a Notice of Award.