

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-4-2002

# Fricker v. Comm Social Security

Precedential or Non-Precedential:

Docket 1-1361

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

## Recommended Citation

"Fricker v. Comm Social Security" (2002). *2002 Decisions.* Paper 3.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/3

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-1361


DANIEL FRICKER

v.

*WILLIAM A. HALTER,
ACTING COMMISSIONER OF SOCIAL SECURITY

Appellant

*{Pursuant to F.R.A.P. 43(c)}



Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 00-cv-02796)
District Judge: Honorable Marvin Katz


Submitted Pursuant to Third Circuit LAR 34.1(a)
December 6, 2001

Before: MANSMANN, ROTH and FUENTES, Circuit Judges

(Filed January 3, 2002)



OPINION



ROTH, Circuit Judge:
     Defendant Commissioner of Social Security appeals an Order of the
U.S. District
Court for the Eastern District of Pennsylvania, reversing the decision of
the
Administrative Law Judge (ALJ) to deny Plaintiff Daniel Fricker social
security
disability insurance (SSDI) benefits, and remanding the case with an order
to award
Fricker benefits.  The Commissioner contends that the District Court
committed two

errors. First, the District Court impermissibly considered evidence which had not been in the record before the ALJ but was submitted for the first time to the Appeals Council with Fricker's request for review. Second, the District Court erred by not treating the ALJ's findings as conclusive, even though they were supported by substantial evidence. For the reasons which follow, we will reverse the District Court's Order and remand this case to the District Court to enter judgment in favor of the Commissioner.

## I.  Facts and Procedural History

On September 16, 1996, Fricker filed an application for SSDI benefits under 42 U.S.C. section 423 (2001), alleging that a back injury and related pain had disabled him since September 17, 1987. In this application, Fricker averred that as of December 31, 1992, his date last insured, his disability rendered him entirely unable to work. After the appropriate state agency denied, reconsidered and re-denied his application, Fricker sought and was granted a hearing before an ALJ.

During a May 18, 1998, hearing, the ALJ considered the testimony of Fricker and of a vocational expert, together with certain evidence of Fricker's medical history. This evidence included various physicians' assessments of Fricker's ability to work. Much of the medical evidence considered by the ALJ suggests that, as of the date Fricker was last insured, he was able to perform some types of work. See, e.g., Appendix at 114-17, 121, 131-33, 143-44, 287-365, 367-68, 486-89, 517, 529. An April 9, 1998, letter of Dr. Sofia Lam, considered by the ALJ stated, however, that Fricker "is not capable of performing any type of gainful employment at the present time or in the future." (emphasis added). Based on the evidence before her, the ALJ found Fricker's allegations "excessive [and] not fully credible" and found Fricker "capable of light and sedentary work." Accordingly, the ALJ denied Fricker's request for SSDI benefits.

On June 2, 1998, six days before the ALJ's decision, Dr. Joseph Pongonis, a physician who had earlier provided an assessment supporting Fricker's employability, wrote a letter stating "I feel that [Fricker] is unable to perform any type of work at this time or in the future." (emphasis added). The Pongonis Letter was not presented to the ALJ, and the ALJ did not consider it in rendering her decision. Fricker presented the

Pongonis Letter for the first time to the Appeals Council in connection with a request for review of the ALJ's decision.

The Appeals Council denied Fricker's request for review, making the ALJ's decision the final decision of the Commissioner. See 20 C.F.R. 404.955, 404.981, 422.210 (2001). See also Sims v. Apfel, 530 U.S. 103, 106 (2000). Thereafter, Fricker commenced this civil action by filing a complaint with the District Court pursuant to 42 U.S.C. 405(g) (2001). On December 11, 2000, the District Court denied the Commissioner's motion for summary judgment and granted Fricker's motion for summary judgment. In reaching its decision, the District Court considered and relied upon the Pongonis Letter which had been presented for the first time to the Appeals Council.

## II. Jurisdiction and Standards of Review

The District Court had jurisdiction over Fricker's request for judicial review of the Commissioner's denial of SSDI benefits pursuant to 42 U.S.C. section 405(g) (2001). Because the District Court's December 11, 2000 Order was a final judgment that disposed of all of the parties' claims, we have jurisdiction over the instant appeal pursuant to 28 U.S.C. 1291 (2001). We exercise plenary review over the question of whether it was proper for the District Court to consider evidence not before the ALJ. See Matthews v. Apfel, 239 F.3d 589, 591 (3d Cir. 2001) (citing Tubari Ltd., Inc. v. NLRB, 959 F.2d 451, 453 (3d Cir. 1992)). We review de novo the issue of whether the Commissioner's denial of benefits was supported by substantial evidence. See Plummer v. Apfel, 186 F.3d 422, 427 (3rd Cir. 1999) ("The role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision.").

## III. Discussion

The first issue raised in this appeal – whether the District Court erred by considering evidence not before the ALJ – is controlled by our decision in Matthews v. Apfel. In Matthews, we held that "when [a] claimant seeks to rely on evidence that was not before the ALJ, the district court may remand to the Commissioner but only if the

evidence is new and material and if there was good cause why it was not previously
presented to the ALJ."  Matthews, 239 F.3d at 593 (citing Keeton v. DHHS, 21 F.3d
1064, 1067 (11th Cir. 1994); Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir. 1985)).
See also 42 U.S.C.  405(g) (2001) ("[The District Court] may at any time order
additional evidence to be taken before the Commissioner of Social Security, but only
upon a showing that there is new evidence which is material and that there is good cause
for the failure to incorporate such evidence into the record in a prior proceeding.").
Fricker and the District Court relied on the Pongonis Letter, which was not brought
before the ALJ.  However, Fricker has not shown that the Pongonis Letter was new, that
it referred to the relevant period when Fricker was insured, or that there was good cause
for failing to present it to the ALJ.  Therefore, the District Court erred when it considered
and relied upon the Pongonis Letter.

Turning to the second of Commissioner's objections – the District Court's
determination that the ALJ's findings were not supported by substantial evidence – we
also find error.  As we noted in Plummer, we are "bound by the ALJ's findings of fact if
they are supported by substantial evidence in the record."  Plummer, 186 F.3d at 427
(citing 42 U.S.C.  405(g); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986)).  For
purposes of our review, substantial evidence means "such relevant evidence as a
reasonable mind might accept as adequate."  Ventura v. Shalala, 55 F.3d 900, 901 (3d
Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  We find that a
reasonable mind certainly might accept as adequate the ample medical evidence
suggesting Fricker's employability as of his date last insured.  We note, moreover, that
the Lam and Pongonis letters referred not to the period on or before December 31, 1992,
when Fricker was last insured, but to a date over five years later.  For these reasons, we
find that the ALJ's findings regarding Fricker's employability are conclusive.

We will, therefore, reverse the District Court's Order and remand this case to the
District Court with directions to enter an order granting judgment in favor of the
Commissioner.

TO THE CLERK:

Please file the foregoing Opinion.


By the Court,


/s/ Jane R. Roth
        Circuit Judge