[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12206
Non-Argument Calendar

_____

D. C. Docket No. 05-01022-CV-3-SRW

DELORIS GRANT,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(November 13, 2007)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Deloris Grant appeals the district court's order affirming the

Commissioner's denial of her application for supplemental security income ("SSI") under 42 U.S.C. § 1383(c). She contends that the Administrative Law Judge ("ALJ") applied improper legal standards in finding that she did not meet the Impairment Listing for mental retardation in 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C.

We review the Commissioner's decision to determine whether the ALJ's decision is supported by substantial evidence and whether the ALJ applied the correct legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). "[T]he Secretary's conclusions of law are not presumed valid. The Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted).

The mental retardation Impairment Listing in § 12.05C requires the claimant to demonstrate a "significant subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the development period; i.e., the evidence demonstrates or supports onset of the impairment before age 22," as well as a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-

related limitation of function." §§ 12.00A, 12.05, 12.05C.

In Hodges, we held that there is a rebuttable presumption that a claimant manifested deficits in adaptive functioning before the age of 22 if the claimant established a valid IQ score between 60-70. Hodges v. Barnhart, 276 F.3d 1265, 1266, 1268-69 (11th Cir. 2001). We concluded that, absent evidence of a sudden trauma causing mental retardation, it was error for the ALJ not to recognize the presumption that the claimant manifested a mental impairment before the age of 22, and we remanded the case to allow the Commissioner to "present evidence of Hodge's daily life to rebut this presumption of mental impairment." Id. at 1268-69.

In this case, the ALJ found, and the Commissioner does not dispute, that Grant had a valid IQ score of 69 and that she possessed a physical or mental impairment imposing an additional and significant work-related limitation of function. She was therefore entitled to the benefit of the rebuttable presumption established in Hodges, and the ALJ was charged with determining whether there was sufficient evidence to rebut that presumption. The ALJ applied an improper legal standard, however, by requiring her to demonstrate deficits in more than one area of adaptive functioning before the age of 22. This was error because Grant was entitled to the benefit of the presumption. Despite erroneously placing the

3

burden of proof on her, the ALJ nonetheless devoted one sentence in his decision to finding the presumption rebutted, but did not account for his decision's internal inconsistencies or support this finding with any facts or reasoning.

In sum, the ALJ applied improper legal standards in finding that Grant did not meet the criteria for the mental retardation Impairment Listing in § 12.05C. We therefore vacate the judgment of the district court, with the instruction that the court remand the case for a determination of whether there was sufficient evidence to rebut the presumption that Grant manifested deficits in adaptive functioning before the age of 22.

**VACATED and REMANDED.**