[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 13, 2009
THOMAS K. KAHN
CLERK

No. 08-16190
Non-Argument Calendar

_____

D. C. Docket No. 06-01958-CV-T-MSS

CHARLES HUBBARD,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 13, 2009)

Before BLACK, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Hubbard appeals the district court's order affirming the

Commissioner's denial of his application for disability insurance benefits under 42 U.S.C. § 405(g). Hubbard testified, before an administrative law judge ("ALJ"), about suffering from several allegedly debilitating symptoms including excessive sleepiness caused by sleep apnea and an inability to drive caused by taking Vicodin. The ALJ found that Hubbard's testimony about a number of symptoms from which he claimed to be suffering was not credible. The ALJ then found that Hubbard was capable of performing light work, and, because the ALJ determined that Hubbard's past relevant work was classified as light in exertion, he concluded that Hubbard was not eligible for disability benefits. The ALJ specifically discussed several of Hubbard's conditions, however, the ALJ did not specifically address the affects of Hubbard's sleep apnea and use of Vicodin.

## I. HUBBARD'S PAST RELEVANT WORK

On appeal, Hubbard argues that the ALJ's determination that his past relevant work was light in exertion was not supported by the record. Hubbard also argues that the ALJ erred because he analyzed how Hubbard's past relevant work was generally performed in the economy instead of how that work was performed by Hubbard.

We conduct a limited review of the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." Crawford

v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. We must remand a case in which an ALJ makes an important factual finding that is not supported by substantial evidence in the record. Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984).

A claimant seeking disability benefits bears the burden of proving that he cannot perform his past relevant work either as he performed it or as it is generally performed in the national economy. 20 C.F.R. §§ 404.1560(b), 404.1520(f). An ALJ may rely on information contained in the Dictionary of Occupational Titles (the "DOT") to determine whether a claimant can perform his past relevant work as it is generally performed in the national economy. Social Security Ruling 82-61. A job is classified as light in exertion if it "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Jobs involving the lifting of 50 and 100 pounds are classified, respectively, as requiring medium and heavy exertion. 20 C.F.R. §§ 404.1567(c), (d).

After reviewing Hubbard's symptoms, the ALJ determined that Hubbard is capable of performing light work. The ALJ determined that Hubbard could

perform his past relevant work as it is generally performed in the national economy because sales and computer graphics are both light in exertion. Hubbard's argument that his past relevant work in sales and computer graphics required lifting weight and walking distances that would categorize his past work as medium or heavy in exertion is unpersuasive. The ALJ is permitted to rely on the DOT classifications to determine whether Hubbard's past relevant work is light in exertion as it is generally performed in the national economy. The ALJ reviewed Hubbard's symptoms, and there is substantial evidence in the record to support the ALJ's determination that Hubbard is capable of performing light work. Therefore, the ALJ did not err in relying on standard classifications for sales and computer graphics work in determining that Hubbard could perform his past relevant work as it is generally performed in the national economy.[1]

## II. HUBBARD'S SLEEP APNEA

Hubbard also argues that the ALJ erred because he did not examine Hubbard's claims of sleepiness during the day caused by sleep apnea and his inability to drive while taking Vicodin.

---

[1] Although it does not appear that the DOT was specifically placed into the record, we can take judicial notice of the fact that the DOT categorizes sales of home furnishings and household appliances as light in exertion—Hubbard previously worked at Home Depot. See Department of Labor, Dictionary of Occupational Titles §§ 270.357-010, 270.357-014 (rev. 4th ed. 1991). There would be little value in remanding this case just so that the ALJ may place the specific provisions of the DOT into the record. Therefore, we take judicial notice of the fact that Hubbard's past relevant work is classified as light in exertion according to the DOT.

4

As discussed supra, we evaluate an ALJ's factual findings to determine if they are supported by substantial evidence. Crawford, 363 F.3d at 1158. The ALJ has a basic obligation to develop a full and fair record. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). A full and fair record enables the reviewing court "to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." Welch v. Bowen, 854 F.2d 436, 440 (11th Cir. 1988) (internal quotations and citations omitted). We must reverse when the ALJ has failed to "provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted." Keeton v. Dep't of Health and Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

The Commissioner must consider the claimant's testimony regarding pain or other symptoms if there is "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). This standard can be satisfied by a claimant's subjective testimony if that testimony is supported by medical evidence. Foote v. Charter, 67 F.3d 1553, 1561 (11th Cir. 1995).

The ALJ specifically addressed Hubbard's allegedly debilitating symptoms

stemming from diabetes, asthma, degenerative disc disease, and depression. The ALJ determined that Hubbard's testimony was not entirely credible with regard to the intensity, duration, and limiting effects of his symptoms.

Although the ALJ did not go into great detail discussing Hubbard's sleep apnea, the ALJ sufficiently addressed Hubbard's condition. The ALJ's report noted that Hubbard was diagnosed with severe obstructive sleep apnea and that it was recommended that Hubbard use a nocturnal nasal CPAP and start a program of weight management. The ALJ did not need to specifically address and reject Hubbard's sleep apnea claim because his testimony showed that his sleep apnea was being controlled by use of a nocturnal nasal CPAP.[2] Finally, the ALJ did not need to analyze Hubbard's inability to drive while under the influence of Vicodin because driving had no relevance to Hubbard's past relevant work.

The ALJ did not err in determining that Hubbard could perform his past relevant work as it is generally performed in the national economy. Furthermore, the ALJ made sufficient factual findings to create a full and fair record, and the ALJ's findings are supported by substantial evidence. The district court did not err in affirming the Commissioner's denial of Hubbard's claim for disability. Therefore, we affirm.

AFFIRMED.

---

[2] Hubbard stated that the CPAP was not working properly and that he had an appointment to get it adjusted, but that is not sufficient to show that sleep apnea was disabling.