[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 17, 2010
JOHN LEY
CLERK

_____

No. 09-14418
Non-Argument Calendar

_____

D. C. Docket No. 08-00165-CV-1-MMP-WCS

TASES MILLS, SR,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner Of The Social
Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 17, 2010)

Before EDMONDSON, CARNES and FAY, Circuit Judges.

PER CURIAM:

Tases Mills, Sr., appeals the district court's order affirming the

Commissioner's denial of his application for supplemental security income, 42 U.S.C. § 1383(c)(3). First, Mills contends that the Administrative Law Judge erred in the second step of its analysis by finding that he did not suffer from a severe mental impairment as a result of chronic pain and depression. Second, Mills contends that during a second hearing following remand from the Appeals Council, the ALJ committed reversible error by failing to elicit expert medical testimony regarding the full extent of his impairments.

I.

When the ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the Commissioner's decision regarding disability "to determine whether it is supported by substantial evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. We will not reweigh the evidence, decide the facts anew, or make credibility determinations. Id.

We conclude that the ALJ's finding that Mills did not suffer from a severe mental impairment stemming from chronic pain and depression was supported by substantial evidence. Despite Mills's complaints of pain and possible depression,

records of his treating, consultative, and reviewing physicians showed that he had normal orientation, and only mild difficulty maintaining concentration, persistence, or pace, and was malingering regarding the magnitude of his symptoms. Moreover, Mills denied feeling anxious, ever attempting suicide, or having suicidal thoughts, and he did not list his mental health as a reason why he had stopped working. His own testimony established that he was never treated for mental health issues, and he lived a functional existence that included talking with friends on the telephone, singing in a church chorus, fishing, some cooking, and grocery shopping with his wife. Furthermore, the ALJ's decision to disregard Dr. Legum's statement that Mills had marked mental limitations in his ability to perform work-related activities was supported by good cause since Dr. Legum's opinion was inconsistent with his own medical records and there was evidence to support a contrary finding. Phillips v. Barnhart, 357 F.3d 1232, 1240–41 (11th Cir. 2004). The ALJ also had good cause to discount Mills's claim of total disability in light of his own inconsistent testimony regarding his daily activities. See id.

## II.

"[T]he ALJ has a basic obligation to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003); see also 20 C.F.R. §§ 416.912(d), 416.927(f)(2). We review de novo an ALJ's application of legal

3

principles, <u>Moore</u>, 405 F.3d at 1211, and we must reverse if the ALJ has failed to provide "sufficient reasoning for determining that the proper legal analysis has been conducted." <u>Keeton v. Dep't of Health & Human Servs.</u>, 21 F.3d 1064, 1066 (11th Cir. 1994).

In this case, the ALJ did not err by failing to elicit expert medical testimony at the second hearing regarding the nature and extent of Mills's back impairment. The Appeals Council merely ordered the ALJ to "[o]btain evidence from a medical expert to clarify the nature and severity of the claimant's back impairment," citing 20 C.F.R. §§ 404.1527(f) and 416.927(f). According to both of those sections, the ALJ "may . . . ask for and consider opinions from medical experts on the nature and severity of [the] impairment(s)." 20 C.F.R. §§ 404.1527(f)(2)(iii) and 416.927(f)(2)(iii). Thus, the ALJ was not required to obtain evidence in the form of expert medical testimony so long as it "consider[ed]" additional evidence in some form. It is undisputed that Mills submitted and the ALJ considered additional documentary evidence from treating physicians about his back condition, and the record reflects that evidence was sufficient to develop a full and fair record.

**AFFIRMED.**