[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2010
JOHN LEY
CLERK

_____

No. 09-12749
Non-Argument Calendar

_____

D. C. Docket No. 07-01803-CV-ORL-GJK

SANDRA L. RADUC,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 27, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Sandra L. Raduc appeals the district court's order affirming the Social Security Commissioner's denial of her application for disability insurance benefits. Reversible error has been shown; we affirm in part and reverse and remand in part for additional proceedings.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). This limited standard of review precludes us from making fact-findings, re-weighing the evidence, or substituting our judgment for that of the Administrative Law Judge ("ALJ"). Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

A person who applies for Social Security disability benefits must prove her disability.[1] 20 C.F.R. § 404.1512. The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled.

---

[1]Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

20 C.F.R. § 404.1520; Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). The ALJ must evaluate (1) whether the claimant engaged in substantial gainful work; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, there are other jobs the claimant can perform. Id.

The ALJ concluded, at step two, that Raduc had severe impairments of chronic lumbar back pain, irritable bowel syndrome ("IBS"), and degenerative joint disease of the left knee. On appeal, Raduc argues that the ALJ erred by not concluding that she also had a severe mental impairment stemming from her generalized anxiety disorder and depression.[2] A severe impairment is one that significantly limits the claimant's ability to do basic work activities. Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997).

Here, the ALJ's analysis reflects a reasoned consideration of all the psychological evidence in the record. And we conclude that this evidence supports substantially the ALJ's conclusion that Raduc had no severe mental impairment.

_____

[2]Raduc also argues for the first time that the ALJ erred by not finding that her temporomandibular joint syndrome ("TMJ") was a severe impairment. We will not consider this claim because Raduc did not raise it in the district court. See Wright v. Hanna Steel Corp., 270 F.3d 1336, 1342 (11th Cir. 2007).

3

Although Raduc carried a diagnosis of generalized anxiety disorder, a consultative evaluation demonstrated that Raduc (1) had a positive relationship with her family; (2) socialized with friends; (3) did not list her mental health as a reason why she stopped working; and (4) showed "no evidence of a thought disorder of form or content." Reports by non-examining state agency psychologists were consistent with this assessment and noted only mild restrictions caused by anxiety. And Raduc's own testimony bolstered these assessments: she noted that she took medication for depression and that she lived a functional existence which included housework, driving, exercising, and socializing. That Raduc had some impairment from anxiety and depression "[did] not reveal the extent to which [it limited] her ability to work or undermine the ALJ's determination" that her mental health was not a severe impairment. See Moore, 405 F.3d at 1213 n.6.

Raduc also challenges the ALJ's RFC determination. She argues that the ALJ erred at step four of the sequential evaluation by determining that her IBS did not affect her RFC and that she could perform her past relevant work as a dispatcher, despite a treating physician's opinion to the contrary. A claimant's RFC is "that which [the claimant] is still able to do despite the limitations caused by . . . her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). In making the RFC determination, the ALJ must consider all the record

4

evidence, including evidence of non-severe impairments. Id.

Here, the ALJ determined that Raduc's IBS was a severe impairment. By definition, a severe impairment limits significantly a claimant's ability to do basic work activities. See Crayton, 120 F.3d at 1219. But the only limitations the ALJ noted in Raduc's RFC were postural; the ALJ apparently dismissed IBS-related limitations based on a finding that Raduc "underwent colonoscopies and endoscopies for her [IBS] which were negative." It is unclear how this statement relates to the effect of Raduc's IBS on her RFC and ability to perform her past relevant work because the gastrointestinal tests merely ruled out alternative causes of her chronic diarrhea while confirming the IBS diagnosis. Thus, the ALJ's analysis fails to discuss how IBS might affect Raduc's ability to perform her job duties as a dispatcher and appears to reflect a misunderstanding of the nature of this condition. See Lucas v. Sullivan, 918 F.2d 1567, 1574 (11th Cir. 1990) (the ALJ may make an RFC determination only after considering the specific duties of claimant's past work and evaluating claimant's ability to perform them in spite of her impairments); Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1219-20 (11th Cir. 2001) (reversing an ALJ's finding that a claimant could perform her past relevant work and the ALJ's decision to reject opinions of treating physicians where the ALJ did not properly consider a diagnosed condition or evaluate the

5

effect the condition's symptoms had on the claimant's ability to work).

By contrast, Raduc provided the only evidence of the severity of her IBS and its effect on her ability to function in a work setting.[3] The ALJ concluded generally that Raduc's "subjective symptoms" were "beyond what could be expected considering the objective laboratory and clinical findings." But this credibility determination was based on Raduc's allegations of pain and depression, not on her allegations about her bowel symptoms. So, it is unclear whether and to what extent the ALJ discounted Raduc's testimony about her IBS symptoms. Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (if the ALJ fails to articulate reasons for rejecting a claimant's subjective testimony, that testimony must be accepted as true).

And Raduc's treating physician who concluded that she could not perform her past relevant work based this conclusion on a totality of the circumstances, including the IBS symptoms. Therefore, because the ALJ did not consider the effect of Raduc's IBS on her RFC, it is unclear whether the ALJ had good cause to reject the treating physician's medical opinion that Raduc could not return to her

---

[3]Raduc consistently reported to various physicians that she had many bowel movements each day. Most recently, Raduc reported that, even with medication, she still was having between 5 and 10 bowel movements a day. In addition, Raduc testified at the hearing that she would have to "make sure everybody was taken care of" before being able to use the bathroom while working as a dispatcher.

past relevant work.  See Phillips, 357 F.3d at 1240 (opinions of treating physicians generally are entitled to more weight than non-treating physicians unless "good cause" is shown).

Substantial evidence does not support the finding that Raduc could return to her past relevant work because the ALJ did not meaningfully conduct the proper legal analysis about the effect of Raduc's IBS on her RFC.  See Keeton v. Dep't of Health and Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (we must reverse when the ALJ has failed to "provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted"). Accordingly, we reverse on this point and remand this case with instructions that it be returned to the Commissioner for additional proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.