[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2010
JOHN LEY
CLERK

No. 09-15410
Non-Argument Calendar
_____

D. C. Docket No. 08-61539-CV-ASG


LINDA BARRIO,

                                        Plaintiff-Appellant,

                    versus


COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,
Michael Astrue,

                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 26, 2010)

Before EDMONDSON, BLACK and FAY, Circuit Judges.

PER CURIAM:

Linda Barrio appeals the district court's order affirming the Social Security Commissioner's denial of Barrio's application for disability insurance benefits. Reversible error has been shown; we reverse and remand for additional proceedings.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the Administrative Law Judge ("ALJ"). Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

A person who applies for Social Security disability benefits must prove her disability. See 20 C.F.R. § 404.1512.[1] The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is

---

[1]Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

disabled. 20 C.F.R. § 404.1520. The ALJ must evaluate (1) whether the claimant engaged in substantial gainful work; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, there are other jobs the claimant can perform. Id.

On appeal, Barrio argues that the ALJ's conclusion, at step four, that she could return to her past relevant work as an assignment clerk is unsupported by substantial evidence, in part, because the ALJ's RFC determination was unclear.[2] A claimant's RFC is "that which [the claimant] is still able to do despite the limitations caused by . . . her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). In making the RFC determination, the ALJ must consider all the record evidence, including evidence of non-severe impairments. Id.

We agree with Barrio that the ALJ's RFC determination as it pertained to her mental impairments is ambiguous. The ALJ initially indicated in its RFC determination that Barrio was restricted to a low-stress work environment. But the ALJ noted later that it adopted the "more restrictive" of the two assessments from

---

[2]The ALJ concluded that Barrio had severe impairments of ulcerative colitis, torn right medial meniscus, bilateral carpal tunnel syndrome, depression, and anxiety.

3

state agency doctors who evaluated Barrio that Barrio was "restricted to simple routine tasks in a low-stress environment."[3] Because of the ALJ's ambiguous RFC assessment, it is difficult to discern whether the ALJ included a restriction to simple routine tasks in concluding that Barrio could return to her past relevant work.

In addition to not articulating clearly Barrio's mental RFC, the ALJ also failed to discuss the specific duties of Barrio's former job as an assignment clerk and how or whether the RFC determination allowed her to do these tasks.  In determining if a claimant can return to her past relevant work, the ALJ must consider the specific duties of the claimant's past work and evaluate the claimant's ability to perform them in spite of her impairments.  Lucas v. Sullivan, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990).

Here, the ALJ simply commented that Barrio was able to fulfill the physical and mental demands of the work based "in part on the claimant's own description of the work in her hearing testimony."  But Barrio's testimony about her work included that it required a "lot of mental abilities" and that it was "extremely demanding." She stated that she, among other things, worked on a computer to maintain company records, worked with engineers and outside technicians, and

---

[3]The ALJ also made assessments about Barrio's physical capabilities.  But on appeal, Barrio challenges the ALJ's RFC determination only on mental capabilities.

maintained different machines. Other record evidence indicated that her work was highly technical. She also testified that she stopped working, in part, due to anxiety and depression. Thus, because the ALJ failed to explain how, in the light of record evidence and the RFC, Barrio's job duties were simple and routine or how her former work constituted a low-stress environment, we cannot determine whether substantial evidence supports the conclusion the she could return to her past relevant work. See Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) ("the ALJ has a basic duty to develop a full and fair record").

Barrio also argues that the ALJ erred in giving little weight to the opinion of her treating psychiatrist. A treating physician's testimony "must be given substantial or considerable weight unless good cause is shown to the contrary." Crawford, 363 F.3d at 1159 (citation omitted). Good cause exists to discredit a physician's opinion when it is contrary to or unsupported by record evidence, or it is inconsistent with the physician's own medical records; the ALJ must articulate clearly the reasons for giving less weight to the treating physician's opinion. Phillips, 357 F.3d at 1240-41.

Here, Barrio's treating psychiatrist opined that Barrio could not return to her past relevant work because she would have difficulty maintaining a 40-hour workweek due to her sensitivity to stress, obsessive thoughts, and inability to

control her emotions. The ALJ rejected this conclusion because (1) "much" of Barrio's anxiety and depression were situational due to her parents' illnesses and later deaths, and (2) the "situation ha[d] since resolved with the deaths of her parents, and, after an appropriate amount of grieving, one would not expect continuing significant limitations."

The ALJ's speculative conclusion that Barrio's mental health problems had ceased or would likely cease in the future does not constitute good cause for rejecting the physician's opinion. See Marbury v. Sullivan, 957 F.2d 837, 840-41 (11th Cir. 1992) (the ALJ "may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional"). And while the psychiatrist's treating notes show that the illnesses and deaths of Barrio's parents contributed to her anxiety and depression, they also reflect many other contributing factors, including continuing complications from her ulcerative colitis and bowel surgery, and her relationships with her husband, brother, and children.

The ALJ's analysis fails to discuss meaningfully how Barrio's anxiety and depression might affect her ability to perform her work as an assignment clerk and impermissibly discredits a treating physician's opinion. See Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1219-20 (11th Cir. 2001) (reversing an ALJ's finding that a claimant could perform her past relevant work and the ALJ's decision to

6

reject opinions of treating physicians where the ALJ did not properly consider a diagnosed condition or evaluate the effect the condition's symptoms had on the claimant's ability to work). Accordingly, we reverse and remand this case with instructions that it be returned to the Commissioner for additional proceedings consistent with this opinion. See Keeton v. Dep't of Health and Humans Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (we must reverse when the ALJ has failed to "provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted").

REVERSED AND REMANDED.