[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15796
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 9, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00105-CV-1

JAMES B. HANNA,

                                                            Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 9, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

James B. Hanna appeals the district court's order affirming the Social Security Commissioner's denial of Hanna's application for disability insurance benefits. Reversible error has been shown; we reverse and remand for additional proceedings.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the Administrative Law Judge ("ALJ"). Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

A person who applies for Social Security disability benefits must prove his disability. See 20 C.F.R. § 404.1512.[1] The Social Security Regulations outline a

---

[1]Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520. The ALJ must evaluate (1) whether the claimant engaged in substantial gainful work; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, there are other jobs the claimant can perform. Id.

On appeal, Hanna argues that the ALJ erred in concluding, at step four, that Hanna retained the RFC to return to his past relevant work as a packaging supervisor. He contends that his hand tremors limited him to no more than occasional fine and gross manipulation; and the testimony of the medical expert ("ME") and vocational expert ("VE") -- which the ALJ relied on in making its RFC determination -- supported these limitations.[2] A claimant's RFC is "that which [the claimant] is still able to do despite the limitations caused by his . . . impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). In making an RFC determination, the ALJ must consider all the record evidence,

_____

[2]Hanna originally sought disability benefits because of a brain tumor and seizure disorder. But on appeal, his arguments are about only his hand tremors. So, we do not consider the RFC restrictions stemming from his seizure disorder.

including evidence of non-severe impairments.  Id.

The ALJ determined that Hanna had the RFC to perform a full range of work at all exertional levels but that he was limited to "occasional hand and finger movements, overhead reaching, and occasional gross and fine manipulation." In making this determination, the ALJ relied, in part, on the testimony of the ME. The ME, who considered all the medical evidence, initially stated that because of Hanna's tremors, his fingering/fine manipulation and handling/gross manipulation would be impaired depending on the task.  The ME later stated that "most" fingering/fine manipulation activities would be limited and that handling/gross manipulation activities would be limited to the extent they required steadiness.

The ALJ's RFC assessment, as it was based on the ME's testimony, is problematic for many reasons.  For instance, the ME did not specify whether the stated limitations were based on the medical evidence before Hanna's insured date or also included evidence from after this date; so it is unclear whether the assessment was significant to the relevant time period.  See Moore, 405 F.3d at 1211 (a claimant is eligible for disability benefits where he demonstrates disability on or before the last date for which he was insured).[3]  Also, given that the ME opined only that Hanna's manipulation limitations were task-based without

_____

[3]Hanna did submit evidence about treatment after his last insured date.

4

specifying how often he could perform such tasks, it is unclear how the ALJ concluded that Hanna could occasionally engage in all forms of hand and finger movements, gross manipulation, and fine manipulation.[4] The ME noted that tremors could impair tasks such as handwriting and doing precise manipulative work with the upper extremities. And the record indicated that Hanna did do some writing and handling of small objects at his job as a packaging supervisor. See Lucas v. Sullivan, 918 F.2d 1567, 1574 (11th Cir. 1990) (the ALJ may make an RFC determination only after considering the specific duties of claimant's past work and evaluating claimant's ability to perform them in spite of his impairments); see also Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1219-20 (remand is necessary where the ALJ fails to evaluate properly the effect of medical symptoms on claimant's ability to work).

The ALJ also agreed with the VE's testimony that, under the RFC determination, Hanna could return to his past work. But this conclusion is not clear from the record. The VE answered many hypothetical questions and initially interpreted the ME's assessment to mean that Hanna's gross manipulation abilities were unlimited and so, with only a restriction to fine manipulation, he could perform his past relevant work. In a separate hypothetical, the VE stated that a

---

[4]The ME stated that, depending on the task, Hanna could face "frequent" to "constant" restrictions.

claimant could not return to his past work as a packaging supervisor if restricted to occasional fingering, handling, and gross and fine manipulation. The ALJ also did not include the ME's steadiness restriction in the RFC assessment; and the VE testified that a person restricted to handling that required steadiness would not be able to return to Hanna's past work.

The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review. Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984). The ALJ has not done so here. To the extent the ALJ based Hanna's RFC assessment on hearing testimony by the ME and VE, the assessment is inconsistent with the evidence. The ALJ did not explicitly reject any of either the ME's or VE's testimony or otherwise explain these inconsistencies, the resolution of which was material to whether Hanna could perform his past relevant work. Absent such explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which we can review Hanna's case.

Accordingly, we reverse and remand the district court's decision with instructions that it be returned to the Commissioner for additional proceedings consistent with this opinion. See Keeton v. Dep't of Health and Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (we must reverse when the ALJ has failed to

"provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted").

REVERSED AND REMANDED.