[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11728
Non-Argument Calendar

_____

D.C. Docket No. 6:11-cv-01043-CEH-GJK

TAYLOR DAVID NEEFE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 27, 2013)

Before DUBINA, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Appellant Taylor Neefe appeals from the district court's judgment affirming

the administrative law judge's ("ALJ") denial of Neefe's application for

Supplemental Security Income ("SSI"), pursuant to 42 U.S.C. § 1383. On appeal, Neefe argues that the ALJ failed to include any consideration of Neefe's limitations in concentration, persistence, or pace in his residual functional capacity ("RFC") assessment or in the hypothetical question to the vocational expert.

We review the ALJ's decision to determine whether it is supported by substantial evidence and based on proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). We must affirm a decision that is supported by substantial evidence even if the evidence preponderates against the ALJ's findings. *Id.* at 1158-59. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* at 1158(quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). Moreover, we may not reweigh the evidence or substitute our judgment for that of the ALJ. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). We will reverse where the ALJ fails to apply the correct law or to provide us with sufficient reasoning to allow us to determine that the proper legal analysis has been conducted. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

An individual claiming Social Security disability benefits must prove that she is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The Social Security regulations provide a five-step sequential evaluation process for

2

determining if a claimant has proven that she is disabled.  *Id.*  A claimant must show that (1) she is not performing substantial gainful activity; (2) she has a severe impairment; (3) the impairment or combination of impairments meets or equals an impairment listed in the regulations; or (4) she cannot return to past work; and, if the ALJ identifies other work, (5) she cannot perform other work based on her age, education, and experience.  20 C.F.R. § 404.1520; *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

The ALJ may determine whether the claimant has the ability to adjust to other work in the national economy by (1) applying the Medical Vocational Guidelines, or (2) using a vocational expert.  *Phillips*, 357 F.3d at 1239-40.  When the ALJ uses a vocational expert, the ALJ poses hypothetical questions to the vocational expert to ascertain whether someone with the claimant's previously-determined limitations will be able to secure employment in the national economy. *Id.* at 1240.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (quoting *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)).

In *Winschel*, we followed the example of many other circuits, and rejected the argument that an ALJ generally accounts for a claimant's limitations in

concentration, persistence, and pace by restricting hypothetical questions to simple, routine tasks or unskilled work. *Id.* However, we clarified that:

> [W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations.

*Id.* at 1180. In *Winschel*, we highlighted that the ALJ did not indicate that medical evidence suggested the plaintiff's ability to work was unaffected by this limitation, nor did the ALJ otherwise implicitly account for the limitation in the hypothetical question. *Id.* at 1181. So, we concluded that, because the ALJ should have explicitly included Winschel's moderate limitation in maintaining concentration, persistence, and pace in the hypothetical question to the vocational expert, the vocational expert's testimony was not substantial evidence that supported the ALJ's conclusion. *Id.*

Unlike *Winschel*, here the ALJ accounted for Neefe's limitations in concentration, persistence, or pace by considering and posing to the vocational expert that Winschel could perform only simple tasks in a low stress environment with only limited contact with the public. Since the ALJ determined that the medical evidence demonstrated that Neefe could engage in simple tasks, despite moderate limitation in concentration, persistence, and pace, the ALJ sufficiently accounted for such impairments, implicitly, by limiting the hypothetical that was

4

posed to the vocational expert to include only simple tasks or unskilled work.  *See*

*Winschel*, 631 F.3d at 1180.  Accordingly, we affirm the district court's judgment

affirming the ALJ's denial of SSI benefits.

**AFFIRMED.**